UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JORDANN M. WEINGARTNER,
I LOVE JEWELRY AUCTIONS, and
JORDANN, LLC,

    Plaintiffs,
vs.                                                                 Civil No.

DRAPER JAMES, LLC.

    Defendant.
_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION,
UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT,
DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Jordann M. Weingartner, I Love Jewelry Auctions, and Jordann, LLC (collectively, "Plaintiffs"), by and through their undersigned attorneys, sue Defendant Draper James, LLC ("Draper James" or "Defendant"), and allege:

**NATURE OF THE ACTION**

1.    This is an action for copyright infringement, statutory trademark infringement and unfair competition, common law trademark infringement and unfair competition, and trademark dilution and deceptive trade practices under the laws of the State of Florida. Plaintiffs bring this action based upon Defendant's unauthorized past, current and planned use of designs that have been copied from copyrighted designs taken from Plaintiffs' jewelry and are confusingly similar to Plaintiffs' flagship mark, which provide the basis for Plaintiffs' claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*., for trademark infringement and unfair competition under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), and for substantial and related claims of unfair

competition, dilution and deceptive and unfair trade practices under the laws of the State of Florida. Plaintiffs seek injunctive relief and damages.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Jordann M. Weingartner, formerly Jordann E. Miller, is an individual residing in West Palm Beach, Florida. Ms. Weingartner is the creator and owner of certain works identified as The Magnolia Collection, and related designs and materials. Ms. Weingartner also licenses certain designs and works to I Love Jewelry Auctions and/or Jordann, LLC.

3. Plaintiff I Love Jewelry Auctions ("I Love Jewelry") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in West Palm Beach, Florida.

4. Plaintiff Jordann, LLC ("Jordann Jewelry") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in West Palm Beach, Florida.

5. Upon information and belief, Defendant Draper James, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 21 West 46th Street, New York, New York 10036. Upon information and belief, Defendant owns and operates an e-commerce website doing business throughout the United States, including in the State of Florida. Upon information and belief, Defendant also owns and operates a physical store located at 2608 12th Avenue South, Nashville, Tennessee 37204.

6.     This Court has jurisdiction under Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1338(a) and 1338(b), Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under principles of supplementary jurisdiction.

7.     Venue properly lies in this District and Division under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and 1391(c), because the defendant conducts business in and/or has substantial contacts with and/or may be found in the Southern District of Florida, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## FACTS COMMON AND APPLICABLE TO ALL COUNTS

A.     Plaintiffs' Intellectual Property

8.     Jordann M. Weingartner has enjoyed a reputation as a talented jewelry designer. Her designs are sold in over 40 retail establishments throughout the United States, including Florida, New York, Texas and California.  Her designs for the Magnolia Collection, in particular, have enjoyed extensive popularity and publicity – including press coverage showing celebrities wearing her Magnolia Collection jewelry and features in national magazines including US Weekly, Quest and Real Simple.

9.     Ms. Weingartner created the original artwork and designs for the Magnolia Collection jewelry, showcasing a unique and distinctive six-pointed floral design, which she titled "Magnolia."  The Magnolia Collection includes, *inter alia*, the designs shown in the images annexed hereto as Exhibit 1, and hereinafter referred to as the "Single Magnolia," "Double Magnolia" and the "Magnolia Charm" designs (collectively, "Magnolia Design").

10. The Single Magnolia contains material wholly original and created by Ms. Weingartner. The Single Magnolia constitutes copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

11. The U.S. Copyright Office issued a copyright registration for the Single Magnolia (Registration No. VA0001654223) titled Magnolia Design and effective December 1, 2008. Annexed hereto as Exhibit 2 is a copy of the Single Magnolia Registration Certificate.

12. The Double Magnolia contains material wholly original and created by Ms. Weingartner. The Double Magnolia constitutes copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

13. The U.S. Copyright Office issued a copyright registration for the Double Magnolia (Registration No. VA0001703660) titled The Locks of Love Necklace (Double Magnolia) and effective June 4, 2009. Annexed hereto as Exhibit 3 is a copy of the Copyright Catalog record for the Double Magnolia.

14. The Magnolia Charm contains material wholly original and created by Ms. Weingartner. The Magnolia Charm constitutes copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

15. Upon information and belief, the U.S. Copyright Office issued a copyright registration for the Magnolia Charm titled Magnolia Charm. Annexed hereto as Exhibit 4 is a copy of the as-filed copyright application for the Magnolia Charm dated November 9, 2015.

16. For the promotion and sale of the Magnolia Collection jewelry, the Ms. Weingartner has licensed the Magnolia Design to I Love Jewelry and Jordann Jewelry for use as a trademark in connection with jewelry, including the Magnolia Collection, and related goods and services. In connection therewith, Jordann Jewelry is the owner of a federal trademark

registration incorporating the Magnolia Design. Annexed hereto as Exhibit 5 is a copy of the certificate of registration for U.S. Registration No. 3,688,744 for JORDANN JEWELRY & Design.

17. One or more of Plaintiffs have used the Magnolia Design in commerce in connection with jewelry since at least 2008, including in stores. Plaintiffs have also used the Magnolia Design in commerce in connection with their e-commerce sites at shopilovejewelry.com and jordannjewelry.com. Plaintiffs have routinely applied the Magnolia Design to their advertising and promotional materials and other displays associated with their goods at the point of sale for their jewelry and related products. Representative examples of Plaintiffs' trademark use of the Magnolia Design are shown in the images annexed hereto as Exhibit 6.

18. Plaintiffs have invested substantial amounts of time, effort, and money in advertising and promoting their products under the Magnolia Design. The Magnolia Design has become a flagship mark for Plaintiffs' goods.

19. As a result of Plaintiffs' substantial and continuous use of the Magnolia Design, and their associated advertising and promotional efforts, the trademark has become well-known, widely known and favorably known throughout the United States, including the State of Florida, and recognized by consumers as identifying products originating from, sponsored by or associated with Plaintiffs. The public has come to distinctly associate the trademark with Plaintiffs as a source of high quality goods that are provided to the public by Plaintiffs.

B.  <u>Defendant's Unlawful Activities</u>

20. Upon information and belief, Defendant Draper James a retailer of women's clothing and accessories, including jewelry and bags, founded by celebrity Reese Witherspoon.

21.     Upon information and belief, Defendant began operating an e-commerce site in about May 2015.  Upon information and belief, Defendant offers for sale and/or has sold its products throughout the United States, including the State of Florida.  Additionally, upon information and belief, Defendant opened a physical store in about October 2015 located in Nashville, Tennessee.  Annexed hereto as Exhibit 7 is an image of the store sign from social media site Instagram.

22.     Without the authorization of Plaintiffs, upon information and belief, Defendant is using the Magnolia Design and other confusingly similar designs (collectively, the "Infringing Materials") to advertise, market and sell its women's clothing and accessories to consumers.  Annexed hereto as Exhibit 8 are images and screenshots from Defendant's website and social media showing representative examples of Defendant's use.

23.     Defendant's unauthorized use of the Infringing Materials is likely to deceive, mislead and/or confuse the consuming public because Defendant's Infringing Materials incorporates Plaintiffs' Magnolia Design in its entirety.

24.     Consumers are likely to believe that Defendant's products and/or services originate with or are sponsored by, licensed from, or otherwise affiliated with Plaintiffs.

25.     Defendant adopted, commenced use of and is using and planning to use the Infringing Materials with the intent and purpose of trading on the extensive goodwill built up by Plaintiffs in the well-known Magnolia Design and to reap the benefits of years of effort and investment by Plaintiffs to create public recognition of the Magnolia Design and the products provided thereunder.

DM2\6331434.1

26. Upon information and belief, Defendant, a designer at the direction of Defendant, and/or an affiliate of Defendant reproduced and created derivative works, including the Infringing Materials, based upon original elements of Plaintiffs' Magnolia Design.

27. The Infringing Materials feature designs which are substantially similar to the designs featured in the copyrighted Magnolia Design.

28. Upon information and belief, Defendant had access to one or more pieces of Plaintiffs' Magnolia Collection, intentionally copied or caused to be copied the signature design, and used identical, or nearly identical designs for the Infringing Materials. Upon information and belief, Defendant copied or caused to be copied the Magnolia Design for the specific purpose of infringing Plaintiffs' copyrights and trademarks in the designs.

29. Defendant's activities as complained of herein are knowing, willful and deliberate violations of Plaintiffs' rights.

30. Upon information and belief, Defendant has profited from the sales of products in connection with the Infringing Materials.

31. Defendant's use of the Infringing Materials is now and will continue to cause irreparable harm, damage and injury to Plaintiffs, and has and will cause confusion, deception, harm and injury to the public.

32. Plaintiff has partial but incomplete and inadequate remedy at law. Unless such acts are restrained and enjoined by this Court, Defendant will continue to infringe upon Plaintiffs' intellectual property, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

## COUNT I

### COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

33. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Upon information and belief, as a result of the open use, display and sales of the Magnolia Collection designs, Defendant had access to the copyrighted Single Magnolia, Double Magnolia, and/or Magnolia Charm prior to the creation, reproduction or other use of Defendant's Infringing Materials.

35. Additionally, upon information and belief, Plaintiffs, through publicists, gifted Defendant's founder Reese Witherspoon one or more of Plaintiffs' Locks of Love (Double Magnolia) necklaces, accompanied by promotional materials featuring the Magnolia Design.

36. By its actions, as alleged above, Defendant has infringed and violated Plaintiffs' exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by producing, distributing and selling products and producing and distributing other materials that bear designs that are strikingly and/or substantially similar to, and/or constitute derivative works of, Plaintiffs' copyrighted Single Magnolia, Double Magnolia and Magnolia Charm, all without Plaintiffs' authorization or consent.

37. Upon information and belief, Defendant's infringement of Plaintiffs' copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiffs.

38. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II

### TRADEMARK INFRINGEMENT (15 U.S.C. §§1114(1); 1125(a))

39.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 32 as if fully set forth herein.

40.     Plaintiffs own a valid mark in the Magnolia Design based on their use in commerce throughout the United States of the Magnolia Design in connection with jewelry, accessories and related products.

41.     Plaintiff Jordann, LLC owns a valid mark embodied in U.S. Registration No. 3,688,744.

42.     Defendant's infringing use of Plaintiffs' marks is made without Plaintiffs' consent or authorization.

43.     Defendant's activities complained of herein constitute infringement of Plaintiff's unregistered trademarks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1), to the injury and detriment of Plaintiff.

44.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law

## COUNT III

### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

45.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 32 as if fully set forth herein.

46.     The Infringing Materials used by Defendant use copies, variations, simulations or colorable imitations of Plaintiffs' Magnolia Design and constitute false designations of origin,

false descriptions and representations of goods sold by or services rendered by Defendant and false representations that Defendant's goods or services are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiffs.

47.     Upon information and belief, Defendant has adopted and used a copy, variation, simulation or colorable imitation of Plaintiffs' Magnolia Design with full knowledge of Plaintiffs' copyrights and/or trademark in the designs.

48.     By its actions, as alleged above, Defendant's acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

50.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 32 as if fully set forth herein.

51.     Upon information and belief, Defendant knowingly adopted and used a copy, variation, simulation or colorable imitation of Plaintiffs' Magnolia Design in disregard for Plaintiffs' copyrights and/or trademark in the designs.

52.     By its actions, as alleged above, Defendant's acts constitute unfair methods of competition in violation of the common law of the State of Florida.

53.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT V

### DECEPTIVE AND UNFAIR TRADE PRACTICES (Fla. Stat. § 501.201 *et. seq.*)

54. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 32 as if fully set forth herein.

55. At all material times, Plaintiffs were and are "Consumers" and an "Interested Party or Person," as these terms are defined by Florida Statutes §§ 501.203 (6) & (7).

56. Defendant, by virtue of its above described conduct, was and is engaged in "trade or commerce," as that term is defined by Florida Statutes § 501.203(8). Accordingly, Defendant at all material times was and is subject to the terms and conditions of Florida Statutes §§ 501.201-213.

57. Defendant's conduct is likely to cause confusion in the trade as to the source of its products or services and/or is likely to lead the public to believe the Defendant is in some way connected with Plaintiffs.

58. By its actions, as alleged above, Defendant's acts constitute unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statutes §§ 501.201-213.

59. At the time Defendant engaged in the conduct described above Defendant knew, should have known, or was reckless in failing to know that its conduct was deceptive, unfair or otherwise prohibited.

60. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

**COUNT VI**

**TRADEMARK DILUTION (Fla. Stat. § 495.151)**

61. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 32 as if fully set forth herein.

62. Defendant's unauthorized use of Plaintiffs' trademark began after the mark had become famous in Florida and has caused and is likely to continue to cause injury to Plaintiffs' business reputation and dilution of the distinctive quality of the mark.

63. Defendant willfully intended to trade on Plaintiffs' reputation or to cause dilution of Plaintiffs' mark.

64. By its actions, as alleged above, Defendant's acts constitute in violation of Florida Statutes § 495.151.

65. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment and relief against Defendant Draper James LLC and respectfully requests that this Court:

(a) Enter judgment for Plaintiffs on all Counts of the Complaint;

(b) Temporarily, preliminarily and permanently enjoin Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(i). manufacturing, selling, distributing, advertising, promoting or authorizing any third party to manufacture, sell, distribute, advertise or promote the

Infringing Materials, and product that bears, contains or incorporates the Infringing Materials, or any other item that infringes Plaintiffs' rights;

  (ii). directly or indirectly infringing Plaintiffs' copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Magnolia Collection or Plaintiffs' copyrights or to participate or assist in any such activity;

  (iii). directly or indirectly infringing Plaintiffs' trademarks or continuing to imitate, copy, duplicate or otherwise making any use of the Magnolia Design or any mark confusingly similar to or likely to dilute the distinctiveness of Plaintiff's trademark in any manner;

  (iv). manufacturing, producing, distributing, circulating, selling or otherwise using any printed material which bears a copy or colorable imitation of Plaintiffs' copyrighted designs or trademarks;

  (v). making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's goods or services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiffs;

  (vi). using or authorizing any third party to use in connection with the rendering, offering, advertising, promotion or importing of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiffs or tend to do so;

  (vii). diluting the distinctive quality of Plaintiffs' trademarks;

(viii). registering or applying to register as a copyright, trademark, service mark, trade name or other source identifier or symbol of origin any copyright, mark, trade dress or name that infringes on or is likely to be confused with Plaintiffs' copyrights or marks;

(ix). engaging in any activity constituting unfair competition with Plaintiffs, or constituting and infringement of Plaintiffs' rights;

(x). assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(ix) above;

(c) Enter an order requiring Defendant to formally abandon with prejudice any and all applications to register any copyrights consisting of, or containing, any aspect of the Infringing Materials either alone or in combination with other designs and/or words;

(d) Enter an order requiring Defendant to formally abandon with prejudice any and all applications to register any trademark or service mark consisting of, or containing, any aspect of the Infringing Materials either alone or in combination with other designs and/or words;

(e) Direct Defendant to deliver for destruction all products and goods, advertisements for such, and other related materials in its possession, or under its control, incorporating or bearing simulations, variations or colorable imitations of Plaintiffs' copyrighted designs, used alone or in combination with other designs and/or words;

(f) Direct Defendant to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

(g) Order an accounting by Defendant of any profits derived in any way from Defendant's wrongful acts;

  (h) Award Plaintiffs such damages as they have sustained or will sustain by reason of Defendant's copyright infringement, trademark infringement, unfair competition, unfair trade practices, and dilution;

  (i) Award Plaintiffs all gains, profits, property and advantages derived by Defendant from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiffs an amount up to three times the amount of the actual damages sustained as a result of Defendant's violation of the Lanham Act;

  (j) Award Plaintiffs all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiffs so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement;

  (k) Award Plaintiffs such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

  (l) Award Plaintiffs their costs and disbursements incurred in this action, including their reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117;

  (m) Award Plaintiffs interest, including pre-judgment interest, on the foregoing sums;

  (n) Award Plaintiff its reasonable attorney fees and costs of suit incurred herein; and

  (o) Award such other and further relief as is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

DUANE MORRIS LLP

Dated: <u>November 18, 2015</u>         By: <u>s/J. Rodman Steele, Jr.</u>
J. Rodman Steele, Jr., Esq.
Florida Bar No. 356786
Email: jrsteele@duanemorris.com
Karen C. Kline, Esq.
Florida Bar No. 59998
Email: kckline@duanemorris.com
5100 Town Center Circle, Suite 650
Boca Raton, Florida 33486
Tel.: 561.962.2100 / Fax: 561.962.2101

Harvey W. Gurland, Jr. Esq.
Florida Bar No. 284033
Email: hwgurland@duanemorris.com
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Tel.: 305.960.2214 / Fax: 305.397.1874

Gregory P. Gulia, Esq.
(*pro hac vice to be submitted*)
Email: gpgulia@duanemorris.com
1540 Broadway
New York, New York 10036
Tel.: 212.692.1027 / Fax: 212.202.6014

Attorneys for Plaintiffs